JS-6

1  THE FLEISHMAN LAW FIRM
   Charles J. Fleishman Bar# 46405
2  Paul A. Fleishman Bar# 251657
   19839 Nordhoff St.
3  Northridge, California 91324
   Telephone: (818) 350-6285
4  FAX: (818) 350-6272
   erisa@erisarights.com
5  Attorneys for Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
SEP 15 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA SAFFON, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO & COMPANY LONG TERM DISABILITY PLAN, an ERISA plan; DOES 1 through 10, inclusive, <br><br> Defendants. | NO. CV04-1237 ODW(RZx) <br><br> [~~PROPOSED~~] JUDGMENT |

After the matter was remanded back from the Ninth Circuit Court of Appeals, a court trial on the administrative record held on July 9, 2009. After considering all of the evidence, the briefs and the arguments of counsel, the Court finds that MetLife's termination of the plaintiff's benefits was an abuse of discretion and judgment shall be entered for the plaintiff against the Defendant. Therefore,

**IT IS ORDERED, ADJUDGED AND DECREED**

1. The plaintiff is entitled to an award of all benefits due under the plan until the test for disability would have changed from "own occupation" to "any occupation."

2. The plaintiff is entitled to interest on the amount of arrears due her in accordance with California Insurance Code §10111.2.

3. The plaintiff is entitled to attorney fees and costs from the defendant. The plaintiff is to bring a motion for such fees and costs according to the Local

Rules of this court.

4. The matter is remanded back to the defendant to determine plaintiff's eligibility for benefits under the plan's "any occupation" test. All of the ERISA regulations, including those dealing with the time limits within which decisions must be made, are to be applied to the remand determination.

5. This court will retain jurisdiction of this matter until defendant's determination that the plaintiff is entitled to benefits under the plan's "any occupation" test or the plaintiff is satisfied with a determination that she is not entitled to additional benefits. If either condition occurs, the parties are to jointly notify the court within two weeks of the decision. If the plaintiff is not satisfied with the decision, she shall bring a motion to set the matter for a scheduling conference.

Dated: SEP 1 5 2009

_____
Hon. Otis D. Wright II
Judge of the District Court