1  **THE FLEISHMAN LAW FIRM**
   Charles J. Fleishman Bar# 46405
2  Paul A. Fleishman Bar# 251657
   19839 Nordhoff St.
3  Northridge, California 91324
   Telephone: (818) 350-6285
4  FAX: (818) 350-6272
   erisa@erisarights.com
5  Attorneys for Plaintiff

6

7                **UNITED STATES DISTRICT COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9

10  GRACIELA SAFFON                    )   NO.   CV04-1237 ODW(RZx)
                                       )
11          Plaintiff,                 )   MOTION FOR ATTORNEY FEES;
                                       )   DECLARATIONS OF CHARLES J.
12      vs.                            )   FLEISHMAN AND DANIEL M.
                                       )   FEINBERG
13  WELLS FARGO & COMPANY LONG TERM    )
    DISABILITY PLAN, an ERISA plan;    )   Date:  10/26/09
14  DOES 1 through 10, inclusive,      )   Time:  1:30 p.m.
                                       )   Courtroom 11
15          Defendants.                )
    _____)   Judge Otis D. Wright II
16

17  To the defendant and to its attorney of record:

18      Notice is hereby given that on October 26, 2009, at 1:30 p.m. or as soon

19  thereafter as the matter may be heard in Courtroom 11 located at 312 N. Spring

20  Street, Los Angeles, California, plaintiff will move the court to award her attorney

21  fees ($185,001.25) pursuant to 29 USC 1132(g)(1) and costs ($3798.85).   The

22  motion is based on the attached declarations, the judgment rendered by this court,

23  the attached points and authorities and all other documents on file in this matter.

24      This motion is made following the contact with defense counsel pursuant to

25  Local Rule 7-3 which took place on September 18, 2009.

26  DATED:    September 22, 2009

27                                      /s/
                                        _____
                                        CHARLES J. FLEISHMAN
28                                      Attorney for plaintiff

                                    1

## DECLARATION OF CHARLES J. FLEISHMAN

I, Charles J. Fleishman, declare as follows:

1. I am an attorney licensed to practice law before all the courts of this state and this Federal Court and am the attorney of record for the plaintiff in the present action.

2. This matter has resulted in a judgment for the plaintiff.

3. I am admitted to the California Bar and the Bar of this court and have practiced law since May 1970.

4. I have tried approximately 225 jury trials and well over 1500 court trials since being admitted to the Bar. I have handled over 250 appeals and writs before appellate courts in this state and the Ninth Circuit. I was the attorney representing one of the parties in Munchow v. Kraszewski (1976) 56 CA3d 831, Scott v. Alpha Beta (1980) 104 CA3d 305, DuLac v. Perma Trans Products (1980) 103 CA3d 937, Plotitsa v. Superior Court (1983) 140 CA3d 755, Gomez v. Ticor (1983) 145 CA3d 622, Neinstein v. Los Angeles Dodgers (1986) 185 CA3d 176, Abdala v. Aziz (1992) 3 CA4th 369, Harper v. Wausau (1997) 16 CA4th 1079, Patterson v. Hughes 11 F.3d 948 (9th Cir. 1993), Booton v. Lockheed 110 F.3d 1461 (9th Cir. 1997), Ingram v. Martin Marietta Long Term Disability Plan 244 F.3d 1109 (9th Cir. 2001), Padfield v. AIG Life Insurance Company 290 F.3d 1121 (9th Cir. 2002), Jebian v. Hewlett-Packard 349 F.3d 1098 (9th Cir. 2003), Saffon v. Wells Fargo 522 F.3d 863 (9th Cir. 2008), and MetLife v. Hawkins-Dean 127 S.Ct. 659, 166 L.Ed.2d 510 (2006). The last 7 listed cases were and remain ERISA cases of significant importance.

5. My practice is devoted to ERISA claims and when charging by the hour my fee is calculated at $550 per hour.

6. I am handling the present matter on a straight contingency basis. This statement simply means that my receiving a fee depends on my obtaining a favorable decision for my client and should not be interpreted to mean that my fee

Charles J. Fleishman

2

1    is a certain percent of the client's recovery.

2        7.  Attached hereto as Exhibit 1 is a printout of the time I have spent with
3    regard to the present matter.  I have spent, to date, 246.8 hours and anticipate
4    spending 8 more hours preparing the reply to the defendant's opposition to this
5    motion and the appearance on this motion.  I therefore request that the court order
6    the defendant to pay an attorney fee award of $140,140.00 ($135,740 + $4400).

7        8. I have handled about 135 ERISA cases, including this one, in the Federal
8    and California courts.  I have more expertise in the field of ERISA law than the
9    vast majority of attorneys in this geographical area and I have spent a considerable
10   amount of time over the last 19 years studying and researching the law in this
11   field.  At the present time, I am handling approximately 20 ERISA matters.

12       9.  Attached hereto are the Declarations of Robert Nichols, Frank Darras,
13   and Lissa Martinez.  All are attorneys that represent claimants in ERISA disability
14   cases and are familiar with my work with ERISA and my reputation among
15   ERISA plaintiff's lawyers.  The declarations were prepared for another case one
16   year ago.  Since that time, because of inflation and additional experience, attorney
17   fee rates for individual attorneys have gone up.  I was awarded fees at the rate of
18   $550 per hour by Judge Stephen Wilson of this court on August 24, 2009 in the
19   case of Cushman v. Motor Car Dealers Services, Inc. CV08-5284 SVW.

20       10.  I believe that $550 per hour is a reasonable hourly rate to calculate fee
21   awards in ERISA cases for me.  This is because there are very few attorneys in
22   Los Angeles County willing to involve themselves in such work on behalf of
23   claimants; the work is very complex because of the almost constant Federal and
24   state court appellate decisions and government regulations that change or modify
25   the rules governing the subject; the constant need for attorneys working in the field
26   to keep abreast of the changes in the law requires many hours unbillable to any
27   particular case; the great tenacity of ERISA defendants, and the general high
28   degree of competence and intellectual acumen of the attorneys representing the

1  defendants; and my experience and years of practicing law and specializing in
2  ERISA.

3      11. I ran for Judge of the Superior Court in 1994. The Los Angeles County
4  Bar Association Judicial Evaluation Committee rated me as well qualified for the
5  position, the highest possible rating at the time.

6      12. I was recognized in 2006, 2007, 2008, and 2009 as a Southern
7  California Super Lawyer in the field of ERISA.

8      13. The plaintiff seeks costs as follows:

|   |   |   |
|---|---|---|
| a. | Filing fee | $350.00 |
| b. | Filing fee for appeal to 9th Cir. | 255.00 |
| c. | Printing Opening Brief in 9th Cir. | 300.18 |
| d. | Printing Reply Brief in 9th Cir. | 142.07 |
| e. | Copying Excerpts of Record for Ninth Cir. | 22.62 |
|   | **Total** | **$1069.87** |

15      14. The law firm of LEWIS, FEINBERG, LEE, RENAKER & JACKSON
16  was enlisted to co-counsel with regard to the Ninth Circuit's request for oral
17  argument with regard to the effect of the California Insurance Commissioner's ban
18  on discretionary clauses on ERISA governed insurance policies. I knew that the
19  firm had done extensive work with the Insurance Commissioner on the issue and
20  had at least one case pending before the Ninth Circuit in which the issue was
21  raised. Filed herewith is the Declaration of Daniel M. Feinberg supporting a claim
22  for fees of $44,861.25 and costs of $2,728.98.

23      I declare under penalty of perjury that the foregoing is true and correct.
24  Executed this September 22, 2009 at Northridge, California.

26                             /s/_____
27                                  Charles J. Fleishman

## MEMORANDUM OF POINTS AND AUTHORITIES

The statute setting up the ERISA scheme provides for an award of attorney fees (29 USC 1132(g)(1)).

> "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

The 9th Circuit in <u>D'Emanuele vs. Montgomery Ward and Company, Inc.</u> 904 F2d 1379, 1383 (9th Cir. 1990) discussed how attorney fees should be awarded in ERISA cases.

> "First, the court must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. (Citations omitted). Second, the court may increase or decrease the lodestar fee . . ."

<u>City of Burlington vs. Dague</u> 112 S.Ct. 2638, 120 L. Ed. 2d 449 (1992), has, in most cases, eliminated the second step in the above formula. Further, <u>D'Emanuele vs. Montgomery Ward and Company, Inc.</u> made it clear that "the time expended in preparing a motion for fees in ERISA cases should be compensated." Thus, plaintiff is also asking that the award of fees cover the time spent in making this motion for fees.

As indicated by the attached declarations of lawyers working with ERISA claimants, $550 is a reasonable hourly rate in this county for this work and should be the rate upon which the loadstar amount should be calculated. Further, although the legal work for which an award is sought was done at a time when the hourly rate was less, "the use of current hourly rates for all work performed compensates for the delay in payment and the loss of use of fees during protracted litigation." <u>Missouri v. Jenkins</u> 491 U.S. 274, 284 (1989).

In <u>Nelson v. EG&G Energy Measurements Group, Inc.</u> 37 Fed.3d 1384 (9th Cir. 1994) the court discussed awarding attorney fees under ERISA.

> "ERISA, like the Civil Rights Acts of 1871 and 1964, and the Labor-Management Reporting and Disclosure Act, is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans. Section 502(g)(1), 29 USC

1  1132(g)(1), authorizes the court to award attorney fees. This section
should be read broadly to mean that a plan participant or beneficiary,
2  if he prevails in his suit under §1132 to enforce his rights under his
plan, should ordinarily recover an attorney's fee unless special
3  circumstances would render such an award unjust. As in cases
involving section 1988 awards, a district court considering a motion
4  for attorney's fees under ERISA should apply discretion consistent
with the purposes of ERISA, those purposes being to protect
5  employee rights and to secure effective access to federal courts. As
a general rule, ERISA employee plaintiffs should be entitled to
6  reasonable attorney's fees if they succeed on any significant issue in
litigation which achieves some of the benefit the parties sought in
7  bringing suit."

8  Canseco v. Construction Laborers Pension Trust 93 F.3d 600 (9th Cir. 1996) held.

9  "Ordinarily, if a plan participant or beneficiary prevails in an action to enforce his

10  rights under the plan, recovery of attorneys' fees is appropriate, absent special

11  circumstances making an award unjust. Because the Retirees [plaintiffs in the

12  case] have prevailed in their appeal, and no special circumstances would make the

13  award of fees unjust, we grant the Retirees' request for attorneys' fees."

14  There are no special circumstances in this case which would make an award

15  of attorney fees unjust.

16  Respectfully submitted,

17

18  /s/_____
Charles J. Fleishman
19  Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

Charles J. Fleishman

6

**Exhibit 1**

| Client: **Graciela Saffon** | | |
|---|---|---|
| Date | Work Done | Time Spent |
| 2/20/04 | prepare complaint | 2 |
| 5/4 | review answer; letter to EM | 1 |
| 5/17 | prepare joint report of early meeting; phone w/ S. Finkelstein | .8 |
| 7/7 | review administrative record | 1.5 |
| 7/9 | review administrative record | 2.5 |
| 7/29 | review administrative record; letter to McD and phone w/ S. Finkelstein | 2 |
| 8/2 | phone w/ S. Finkelstein re missing reports; letter to S. Finkelstein re missing reports | .5 |
| 8/6 | phone w/ S. Finkelstein re early meeting, missing med reports, and missing SPD and plan docs | .3 |
| 8/9 | opening brief | 6 |
| 8/10 | opening brief | 6.5 |
| 8/11 | opening brief | 5.7 |
| 8/19 | review missing medical record review; letter to SF re missing job description | .7 |
| 8/14 | phone w/ SF re deadlines and stip; review work on opening brief | 1.5 |
| 8/15 | opening brief | 2.5 |
| 8/18 | opening brief | 2.5 |
| 9/21 | opening brief | 6.5 |
| 9/22 | opening brief | 6 |
| 9/23 | opening brief | .8 |
| 10/19 | phone w/ clerk re stip to new dates; letter to Finkelstein | .5 |
| 10/21 | phone w/ S. Finklestein re stip to new dates | .2 |
| 11/2 | phone w/ clerk; prepare trial brief | 1.5 |
| 11/3 | opening brief | 3 |
| 11/8 | review D's opening brief | 1.3 |

| | | |
|---|---|---|
| 11/9 | prepare Reply Brief | 4.5 |
| 11/10 | prepare Reply Brief | 3.7 |
| 11/11 | prepare reply brief | 1.5 |
| 11/15 | review def's new replacement trial brief; modify reply brief to take account of late changes is def's new trial brief | 1.8 |
| 11/16 | prepare Reply brief | 2 |
| 11/16 | phone w/ McDonough re settlement | .2 |
| 12/17 | phone w/ McDonough re settlement conference; letter to McDonough re Tremain v. Bell and Stup v. UNUM | .5 |
| 1/5/05 | phone w/ McDonough re continuing hearing | .3 |
| 4/4 | phone w/ client | .3 |
| 5/17 | phone w/ Brent F. re no decision; prepare joint request for decision | .2 |
| 6/28 | phone w/ Brent F. re no decision; prepare joint request for decision | .3 |
| 11/21 | review decision; prepare notice of appeal | 1.8 |
| 1/3/06 | phone w/ Ann Julius of 9th Cir. | .2 |
| 1/3 | work on opening brief to 9th Cir | 3.5 |
| 1/4 | work on opening brief | 4.8 |
| 1/5 | work on opening brief | 6 |
| 1/9 | work on opening brief | 3 |
| 1/10 | work on opening brief | 3.6 |
| 1/11 | work on opening brief | 5 |
| 1/23 | work on excepts of record | 4.6 |
| 1/24 | finish brief | 4 |
| 3/17 | read defendant's brief | 3 |
| 3/20 | work on reply brief | 2.2 |
| 3/21 | work on reply brief | 4.5 |
| 3/22 | work on reply brief | 4.4 |
| 3/23 | work on reply brief | 4 |

| | | |
|---|---|---|
| 3/24 | work on reply brief | 4.5 |
| 3/27 | work on reply brief | 5 |
| 3/28 | work on reply brief | 5 |
| 3/29 | work on reply brief | 3.1 |
| 8/24 | research and letter to 9th Cir re new case | 1.2 |
| 10/19 | research and letter to 9th Cir. Re new case | 1 |
| 11/29 | review decision from ND Cal re standard of review applicable to MetLife policy covering Wells Fargo; letter to Court of Appeals re case | 1 |
| 1/11/07 | research Elliot v. MetLife; letter to 9th Cir. | .5 |
| 7/31 | review Insurance commissioner's decision in Re UNUM; phone w/ Dan Feinberg and Cassie Sullivan re same; review briefs | 3.5 |
| 8/1 | review briefs in Baida and Fenberg | 5.7 |
| 8/1 | phone and e-mails w/ Cassie Springer-Sullivan and Glenn Kantor re moot court | .3 |
| 8/2 | review briefs in Baida and Fenberg | 4 |
| 8/3 | review briefs | 2.3 |
| 8/7 | meeting w/ Cassie Springer-Sullivan and Alan Kassan to prepare for argument re Insurance com. Opinion | 4.5 |
| 8/8 | meeting w/ Cassie SS and Beth Lishner re insurance com. Opinion etc. | 2.2 |
| 8/9 | moot court preparation for argument at 9th Cir. W/ Alan Kassan, Cassie, Ron Dean, Liz Lishner, Corrine Chandler, Dan Friedman, Theresa Rennaker | 4.5 |
| 8/10 | argue at 9th Cir. | 3.5 |
| 1/10/08 | review opinion | 1 |
| 1/ 22 | review D's request for continuance | .3 |
| 1/ 23 | discuss opposition to request for time w/ Cassie; review her opposition | .3 |
| 4/22 | review denial of rehearing and modification of opinion | .5 |
| 4/22 | call Renner about report to trial court | .1 |

| | | |
|---|---|---|
| 4/28 | called Calvert again about report to trial court | .1 |
| 5/28 | e-mails w/ client re status | .2 |
| 7/11 | phone w/ client and Dr. Rubenencko's office re CFS | .7 |
| 7/15 | gather medical reports for transmittal to Dr. R.; letter to Dr. R. | .7 |
| 8/6 | phone w/ Def's atty re joint report to court | .5 |
| 8/7 | phone w/ client and Dr. Rubanenko | .4 |
| 8/11 | review D's status report | |
| 11/18 | contact court and spend a lot of time trying to figure out which crack this case fell into.  Apparently Judge S's clerk forgot about this case and it is now going to be reassigned. | 1.2 |
| 12/17 | review 9th Cir. Decision | .6 |
| 12/17 | phone w/ Scott Calvert re change in D's position | .2 |
| 12/17 | conference w/ Judge | .3 |
| 1/19/09 | prepare exhibits for filing; declaration of PF | 2.3 |
| 2/4 | Phone w/ other side re its need for more time | .1 |
| 2/5 | review D's request to ct for more time | .2 |
| 2/10 | review Def's evidence and decision of 9th Cir.; start writing brief | 5 |
| 2/11 | writing trial brief | 6.7 |
| 2/12 | writing trial brief | 6.2 |
| 3/5 | review Def's brief | 3.8 |
| 3/6 | review def's brief and prepare oral argument against | 3.7 |
| 3/17 | prepare for trial | 6 |
| 3/18 | status conference | 2 |
| 3/18 | work on reply brief | 1.8 |
| 3/19 | work on reply brief | 4 |
| 3/20 | work on reply brief | 5.5 |
| 3/23 | work on reply brief | 3 |
| 7/8 | prepare for trial | 2 |

| 7/9 | trial | 2 |
|---|---|---|
| 7/10 | phone w/ client | .2 |
| 7/14 | prepare findings of fact and conclusions of law | 4 |
| 7/28 | finish findings of fact and conclusions of law | 1.1 |
| 9/16 | review findings of fact and conclusions of law | .2 |
| 9/18 | call to Renner re fee motion | .1 |
| 9/18 | review Feldman's declaration re atty fees | .3 |
| 9/21 | prepare fee motion | 2 |
| | | |
| | Total Time | 246.8 |
| | Amount Due | $135,740.00 |

DECLARATION OF ROBERT NICHOLS

### JULY 7, 2008 DECLARATION OF ROBERT B. NICHOLS

I, Robert B. Nichols, declare:

1.     I am an attorney at law admitted to practice before the courts of the State of California (2003), the State of Louisiana (1972), the United States District Court for the Northern District of California (2004), the United States Court of Appeals for the Ninth Circuit (2005), and the United States Supreme Court (1974). I was previously admitted before United States District Courts in Louisiana and the United States Court of Appeal For the Fifth Circuit, but let those admissions lapse because I no longer practice in that area.

2.     I received a J.D. from Louisiana State University Law Center in 1972 and, after practicing law for five years, obtained an LL.M in Taxation from Georgetown University Law Center in 1980. My first educational exposures to ERISA were through an ALI-ABA Course in 1975 and two courses at Georgetown University. Since then, I have attended hundreds of hours of continuing legal education including specialty courses in ERISA in general, ERISA plans, and employee benefits litigation that lasted from two to five days.

3.     I have been practicing law 36 years and practicing ERISA benefits law since 1975. My first ERISA work was a 1975 consultation with a financial institution regarding institutions sponsored savings accounts for ERISA qualified Plans. I began doing a substantial amount of ERISA work in 1980 with the design, drafting, implementation, and qualification of ERISA defined contribution and defined benefit plans and representing participants in benefits cases. ERISA plans were a substantial portion of the practice. The first ERISA dispute I handled was in 1981 involving benefits under a defined benefit plan of a liquidating corporation. From 1983 to 1987 a major portion of my practice involved fielding administrative and fiduciary questions for the administrators of the plans of regional corporations, as well as designing, drafting, qualifying, and implementing plans, and participating in plan design. From 1988 through 1993, ERISA benefits litigation was the exclusive focus of my practice. From July 1993 to February 2000, I practiced a combination of commercial law and business consulting in China. Since returning to California in 2000, my practice has been almost exclusively Plaintiffs' ERISA disputes and litigation, predominantly disability work.

---

4.      The following table of hourly rates charged by and awarded to California ERISA Plaintiffs' attorneys was derived as follows. It was originally compiled by Susan Horner for use with her fee application in *Perez v Cozen & O'Connor Group Long Term Disability Coverage, 05 cv 0440 (S.D. CA 2007)*. Ms. Horner's declaration in that case was also filed as Pl. Fee Aff. 7 in the *Day* case, *infra*. Ms. Horner's declaration states that she derived the table from a personal poll of most of the persons listed, as well as research of fee awards available at that time. In connection with my fee application in *Day v. SBC Disability Income Plan, 06 cv 01740 (N.D. CA 2008)*, I polled the same attorneys, getting answers from most in the upper range of the table. I added several attorneys from fee orders and declarations filed subsequent to Ms. Horner's poll. The rates of those that did not respond to me were derived from either Ms. Horner's table, her updates thereof, or fee award orders and declarations filed in support of fee applications by me and the Law Firm of Silver and Taube in *Day v. SBC Disability Income Plan, 06 cv 01740 (N.D. CA 2008)*. The asterisks in the table reflect amounts the Orders filed in *Day* granted to the respective attorneys. Amounts not marked by asterisks are actual hourly rates charged during the designated years. They were derived from Ms. Horner's poll and my update of it.

5.      The table contains most of the active ERISA disability Plaintiffs' attorneys in California, a distinct legal market. It also contains Court awards to two Defense attorneys with unknown ERISA experience and several civil litigators with no ERISA experience. Of those listed on the table, 22 are ERISA Plaintiffs' attorneys. Four of those are semi retired or planning retirement.

| Name | Year Admitted | Yrs Law | ERISA Yrs | HOURLY RATES (*court awarded) | | | CITY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | 2006 | 2007 | 2008 to date | |
| Ronald Dean | 1970 | 37 | 33 | 525 | 525*[1] | 650 | LA |
| Arnold Levinson | | | | | | 600 | SF |
| Charles Fleishman | 1970 | 38 | 18 | | 450* | 500 | LA |

[1] Mr. Dean has been practicing benefits law for 36 years and was doing so when ERISA was adopted approximately 33 years ago (1974).. He was awarded $525 per hour in 2008 for work done in 2007. The hourly rate he charged in non-contingent cases from January 1, 2005 to October 2007 was $525. In October 2007, he increased his hourly rate to $650. In *Vasquez v. Cargill*, 2008 U.S. Dist. LEXIS 19341 (CDCA 2008), he was awarded $525 for work done in 2007.

| Name | Year | | | | | | City |
|---|---|---|---|---|---|---|---|
| Melvin Silver[2] | 1971 | 37 | 21 | | | 500 | Sunnyvale |
| Robert Nichols | 1972 | 36 | 21[3] | | 450 | 500 | SJ |
| Gary Nawa[4] | 1975 | 33 | 19 | | 450 | 450 | APTOS |
| Geoff White[5] | 1975 | 33 | 33 | 425 | 450 | 450 | SF |
| Thomas Monson | 1976 | 32 | 34 | 475 | 495 | 495 | SD |
| Lyle R. Mink | N/A | 30+ | 0 | | | 400* | LA |
| Lawrence Padway | 1978 | 29 | 8 | | 525 | 525 | ALAMEDA |
| Corinne Chandler | 1980 | 28 | 20 | | 450* | 500 | LA |
| Michelle Reinglass | N/A | 28 | 0 | | | 500* | LA |
| Lisa Kantor | 1983 | 25 | 10 | | | 500* | LA |
| Ruth Taube[6] | 1983 | 14 | 12 | | | 400 | Sunnyvale |
| Glenn Kantor | 1986 | 22 | 22 | | 450* | 500* | LA |
| Richard Johnson | 1986 | 22 | 21 | 395 | 425* | 475 | LA |
| Julian Baum | 1987 | 21 | 18 | 415* | 450* | 450 | NOVATO |
| Daniel Feinberg | 1988 | 20 | 20 | 495* | 575* | 575 | OAKLAND |
| Susan Horner | 1989 | 19 | 15 | 425 | 450 | 450* | SD |
| James Mellen | 1989 | 19 | 19 | 400* | N/A | N/A | OAKLAND |
| Debra Butler | 1989 | 19 | 14 | 350* | 400* | 400 | LA |
| Tracy Collins | 1989 | 18 | 11('05: $400*) | | 450* | 450 | LA |
| Rebecca Grey | 1996 | 12 | 9 | | 400 | 400 | LA |
| Teresa Renaker | 1997 | 11 | 11 | 435* | | 525 | OAKLAND |
| Stephen Harris[7] | ??? | 11 | ? | | | 493 | LA |
| Peter S. Sessions | 1998 | 10 | 10 | N/A | N/A | 400* | LA |
| Michael Horrow | 1998 | 10 | 10 | | 425* | 400* | LA |
| Caroline Elkin[8] | 200? | 7 | ? | | | 421 | LA |

6.    ERISA is extremely complex with difficult standards of review and burdens of proof. There is almost constant change in Federal and State Court jurisprudence and regulations. The law in the Ninth Circuit has undergone continuous substantial incremental change for the last 15 years with sometimes apparently conflicting opinions neither overruled, distinguished, nor explained. On three occasions in the last two years, there has been substantial change in the law as a result of _Abatie v. Alta Health & Life Insurance, 458 F. 3d 955 (9th Cir. 8/15/2006) (en banc); Saffon v. Wells Fargo and Company Longterm Disability Plan, No. 05-56824, 2008 WL 1734571, *1 (9th Cir. 4/16/08) den. rehearing and amndg original 01/09/08 opinion, 511 F.3d 1206 (9th Cir. 2008); and Metropolitan Life Insurance Company, 128 S.CT. 2343 (6/19/08)._

---

[2] Semi-retired, takes 2-3 cases a year.
[3] For ERISA practice begun in 1980 less 7 years in China practice.
[4] Semi-retired, minimizing ERISA work as non-viable.
[5] Planning to retire.
[6] Semi-retired, takes 2-3 cases a year.
[7] Defense Lawyer
[8] Defense Lawyer

1  The changes require continuous reanalysis and resynthesis of the law and its application to the
2  general fact patterns of ERISA cases and constant modification of language and approaches in
3  pleadings and briefs; one to two hours a day just staying current; and almost daily consultation
4  with colleagues in the field. Most of this time is not billable.  Defendants have little incentive to
5  settle cases because ERISA has no punitive or penalty provisions. Defense counsel in ERISA
6  cases generally have a high degree of competence and intellectual acumen.  They invariably are
7  tenacious and present vigorous defenses on all issues.

8         7.     I charge $500.00 per hour on hourly contracts to currently paying clients.  I
9  require a substantial advance deposit that must be replenished in advance of any work done.
10  There is no time delay in payment as there is in ERISA litigation.

11         8.     I am familiar with the fees charged by other ERISA Plaintiffs' attorneys in
12  California.  Rates for attorneys with more than 30 years experience range from $450 to $650 as
13  is reflected in the above table.  Those attorneys charging less than $495 are either semi-retired or
14  planning to retire within a few years.  The range for those in active practice is $495 to $650.

15        9. I am familiar with Mr. Charles Fleishman, his legal work, his many years of
16  experience, and his intellect.  All are of the highest quality.  I have worked with him on several
17  cases.  We regularly discuss ERISA cases and ERISA litigation issues.  I believe that, based
18  upon his experience, outstanding ability, and specialization in ERISA, $500.00 per hour is at the
19  lowest end of reasonable rates and a bargain for anyone retaining him.

20       I declare under penalty of perjury under the laws of the State of California that the
21  foregoing is true and correct.  I declare under penalty of perjury under the laws of the United
22  States of America that the foregoing is true and correct.

23       Executed this 8th day of July, 2008, at San Jose, California.

24
25
26  Robert B. Nichols
27
28

DECLARATION OF FRANK DARRAS

1      **DECLARATION OF FRANK N. DARRAS**

2      I, FRANK N. DARRAS, declare that:

3      1.    I am a member in good standing of the Bar of the State of California and a

4   managing partner with the law firm of Shernoff Bidart Darras Echeverria, LLP ("SBDE").  I

5   have personal knowledge of the facts set forth in this declaration and if called as a witness, I

6   could and would testify competently to them.

7      2.    I am a 20+-year attorney and have spent the majority of my time practicing in the

8   area of bad faith and ERISA disability claims.  My firm has helped pioneer the legal concept of

9   insurance company bad faith.  I have the largest individual disability practice in the United States

10  – I review over 2,500 new cases each month and win approximately $40 million in

11  verdicts/judgments/settlements for my disabled clients annually.

12     3.    I received my J.D. degree from Western State University College of Law in 1986.

13  In 2000, I was inducted into the Western State University Alumni Hall of Fame.  Since 2002, I

14  have served as a Trustee on the Board of Directors for Western State University. I also served as

15  President of the Board of the Western State University Law Foundation.  I chaired the Western

16  State University Alumni Foundation from 2002 – 2005.  I was the 2006 commencement speaker

17  for Western State University.  In 2005, Western State University dedicated their Moot Court in

18  honor of me and my wife, Marleen Darras.  And in 2008, Western State University held the First

19  Annual Frank N. Darras Moot Court Competition – the only disability moot court competition in

20  the Country.

21     4.    After law school, I worked at the Los Angeles District Attorney's Office.  In

22  1988, I joined the firm of Shernoff & Levine, a nationally recognized firm pioneering the field of

23  insurance bad faith.  I became a partner in 1990 and the firm's name changed to Shernoff Bidart

24  & Darras.  I head the firm's disability and long-term care insurance department and manage the

25  largest disability practice in America.

26     5.    I am a member of the Los Angeles County, San Bernardino County, and

27  American Bar Associations; American Association for Justice (formerly known as Association

28  of Trial Lawyers of America); Trial Lawyers for Public Justice; Consumer Attorneys Association

1    of Los Angeles; and Consumer Attorneys of California, where I have served on the Board of

2    Governors since 2004.

3         6.    I am "AV" rated by Martindale-Hubbell.

4         7.    I am a frequent national key-note speaker and have lectured on insurance

5    coverage and ERISA issues to various lawyers and patient groups, including the following

6    organizations: Co-Program Director of the Bad Faith Insurance Litigation Group of the

7    American Association for Justice; American Conference Institute Annual Disability Insurance

8    Claims Litigation Conference (1999 – 2007); Consumer Attorneys of California Annual

9    Conference (1997 – 2007); The Rutter Group Shernoff Bad Faith Seminar (1995, 1997, 1999,

10   2001, 2002, 2004, 2006); American Association for Justice (formerly the Association of Trial

11   Lawyers of America) (1999, 2001, 2003, 2004, 2006); Consumer Attorneys Association of Los

12   Angeles Annual Conference (1998, 2000, 2001, 2003, 2005); Mealey's Bad Faith Conference

13   (2000, 2003 – 2005); Ontario Trial Lawyers Association (2003, 2004); Arizona Trial Lawyers

14   Association (2003); Montana Trial Lawyers Association (2003); Western Trial Lawyers

15   Association (2004); National Consumer Law Center Consumer Rights Litigation Conference

16   (1998, 2000, 2001); National Business Institute Insurance Law Update (2007); National

17   Organization of Social Security Claimants' Representatives (2002, 2004); Law Education

18   Institute Health Law Program (2000, 2002); Whittier Law School Annual Health Law

19   Symposium (2000-2002); Families of Spinal Muscular Atrophy (1999 – 2003); National

20   Multiple Sclerosis Society's Law Day (2001); American Association of Legal Nurse Consultants

21   (2003); American Bar Association Tort and Insurance Practice Section (1998); Lorman Business

22   Center Insurance Bad Faith Claims Seminar (1998); Western Claims Conference (1998, 1999,

23   2003); Eastern Claims Conference (1998, 2002); Midwest Claims Conference (2001, 2008); and

24   Disability Management Employer Coalition (1998).

25         8.    I am a frequent media commentator and have appeared on CBS's "60 Minutes,"

26   NBC's "Dateline," and FOX Business News.  I have also been interviewed on numerous radio

27   programs, including VoiceAmerica Internet Radio Network, California Commerce with John

28   McCauley, The Financial Truth with Carla J. Cargle, and Bloomberg Radio.

1   9.  I am widely quoted on insurance matters and have been featured (and quoted) in

2 the Wall Street Journal, the New York Times, the Los Angeles Times, the Chicago Tribune,

3 USA Today, Lawyers Weekly USA, Smart Money, Success, Forbes, Money, Medical

4 Economics, Ophthalmology Times, Physician's Money Digest, Urology Times and CFO

5 Magazine.

6   10.  I am a regular contributor to Mealey's Litigation Report, National Underwriter,

7 Agent's Sales Journal, Bottom Line Personal and Trial.  I write a monthly column for Producers

8 WEB and a quarterly Legal Insight column for Best's Review, an A.M. Best publication.  I have

9 authored hundreds of articles, including: "Navigating the Shark Infested Waters of ERISA";

10 "The Iceberg is Melting: ERISA Preemption and How to Avoid it"; "The Standard of Review in

11 ERISA Cases: Deference or de novo"; "Long Term Disability Insurance, the Professional and

12 ERISA: Dealing with the Problems and Avoiding Disaster"; "Disability Insurance: What You

13 Need to Know Before Filing a Claim"; "The Disability Insurance Trap"; "Disabling the

14 Disability Carrier: The Insurer's Top 10 Defenses and How to Defeat Them"; and "Good Faith is

15 Good Business."

16   11.  I have received numerous awards and recognition, including: "Outstanding

17 Lawyers in America"; "The Best Lawyers in America" for 2004 – 2008; "Southern California

18 Super Lawyers in Insurance Coverage" for 2004 – 2008; "500 Leading Lawyers in America" for

19 2006-2008; "500 Leading Litigators in America" for 2006 – 2007; "500 Leading Plaintiff

20 Lawyers in America" for 2006 – 2007; "Corporate Counsel: Top Lawyers – Annual Guide to

21 Health Care, Workers' Compensation & Employee Benefits Law" for 2007; and "Top 100 Trial

22 Lawyers Association of American Trial Lawyers" for 2007.  Since 2002, I have been a member

23 of the "Ten Million Dollar Rainmaker Circle," an organization which recognizes lawyers who

24 generate more than $10 million in annual legal fees.

25   12.  Since 1990, I have devoted my practice to insurance coverage and insurance

26 litigation, handling primarily claims for disability benefits governed under common law and

27 ERISA.

28   13.  SBDE is the leading authority in litigating insurance claims and has the largest

1    disability practice in America. SBDE reviews more disability cases (both ERISA and non-

2    ERISA) than any other firm. Each month, SBDE evaluates approximately 2,500 disability

3    claims. In addition to litigated cases, SBDE advises disabled insureds on all aspects of their

4    claim, including the initial claim process and appeals.

5          14.    While SBDE represents individuals with private disability coverage,

6    approximately 75% of my practice involves ERISA-governed disability claims. I have handled

7    no less than 250,000 ERISA matters on behalf of disabled claimants. While the vast majority of

8    the cases settle prior to judgment, I have obtained judgment in numerous ERISA cases. I am

9    presently counsel for plaintiffs in more than 150 ERISA cases.

10         15.    My rate is $650 per hour. That is also the rate at which SBDE charges hourly

11   clients for my services. Based on my knowledge of the relevant community of ERISA

12   specialists and my experience in ERISA litigation, I believe this rate is reasonable and within the

13   market rate for attorneys at my experience level. I am familiar with the rates of other ERISA

14   attorneys in this state who specialize in representing claimants in ERISA cases and know that

15   those rates range between $500 and $650 an hour.

16         16.    I consider myself an ERISA specialist. My firm receives inquiries from other

17   attorneys from all over the country regarding ERISA issues. ERISA is a very involved area of

18   the law. To perform adequately in this area, an ERISA attorney is required to keep on top of the

19   law at all times. Due to the fact that ERISA issues are a matter of federal law, it is necessary to

20   keep abreast of all new Circuit Court ERISA decisions. I spend several hours every week

21   reading case law from the various federal circuit and district courts.

22         17.    ERISA-based disability insurance cases are very fact intensive, making them

23   extremely time-consuming to litigate. From the standpoint of a plaintiff's lawyer, ERISA cases

24   are "undesirable" because of the amount of time that must be devoted to what is document-

25   intensive litigation, coupled with the prospects of delayed payment, low payment or no payment.

26         18.    ERISA cases are also "undesirable" by their very nature, because of the

27   substantive and procedural burdens that such cases present. This is especially true where the

28   Plan contains discretionary language and the evidentiary burden that a claimant must meet in

1    order to reverse a claim denial is an extremely difficult one.

2        19.    ERISA cases are also "undesirable" because of the financial risk presented to the

3    attorney by such cases. The financial ability of most ERISA claimants to finance litigation, in

4    whole or in part, is nonexistent. The unavailability of punitive damages also makes ERISA

5    litigation "undesirable" from a contingency fee point of view. Usually the amount in

6    controversy is relatively low in relation to the amount of attorney time required to pursue these

7    cases effectively. As such, few attorneys will accept such cases.

8        20.    I am familiar with Charles Fleishman and his legal work in the field of ERISA

9    claims and know it to be of the highest quality. I have known Mr. Fleishman in a professional

10    capacity for many years, having discussed various aspects of ERISA litigation on numerous

11    occasions over the years. Based upon my knowledge of the prevailing hourly rates in California

12    for ERISA related work, I can state with certainty that Mr. Fleishman's rate of $500 per hour is

13    reasonable and well within the market rate for attorneys of his skill, experience and reputation.

14        I declare under penalty of perjury under the laws of the State of California and the United

15    States of America that the foregoing is true and correct. Executed this 7th day of July, 2008, at

16    Ontario, California.

17

18                                    FRANK N. DARRAS

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LISSA MARTINEZ

1                      **DECLARATION OF LISSA A. MARTINEZ**

2        I, LISSA A. MARTINEZ, declare that:

3        1.      I am an attorney at law, duly licensed to practice before all courts within the State

4  of California. I am a senior associate with the law firm of Shernoff, Bidart Darras Echeverria,

5  LLP ("SBDE"). I have personal knowledge of the facts set forth herein and if called upon as a

6  witness, I could and would testify competently thereto.

7        2.      I graduated with a B.S. in Mathematics from the University of California, Irvine,

8  in 1987. I received my J.D. degree, summa cum laude, from Western State University College

9  of Law in 1999. I was class valedictorian and recipient of 15 American Jurisprudence Awards,

10  the highest honor ever achieved by a Western State student. While at Western State, I served on

11  the Western State University Law Review as Managing Editor (1998-1999) and Technical Editor

12  (1997-1998). As part of my curriculum at Western State, I was recommended for and had the

13  pleasure of spending one semester as a full-time Judicial Extern for then Presiding Justice David

14  G. Sills, California Court of Appeal, Fourth District.

15        3.      Also during law school, I worked as a law clerk at SBDE beginning in May 1998,

16  during which time I assisted in handling long-term disability ("LTD") claims.

17        4.      Prior to joining SBDE as a law clerk in 1998, I was a licensed insurance agent

18  with a Chartered Life Underwriter (CLU) designation. I worked for Provident Life and Accident

19  Insurance Company selling individual and Group LTD policies, and conducting employee

20  benefit enrollment meetings.

21        5.      As an associate attorney with SBDE since March 2000, I have focused almost

22  exclusively on the representation of disabled individuals in claims against their insurers.

23  Approximately 75% of my practice is devoted to ERISA-governed disability claims. I have

24  handled over 750 ERISA matters on behalf of disabled claimants.

25        6.      ERISA is a technical, specialized and ever-changing area of law. The files are

26  generally very lengthy and fact specific, making them extremely time-consuming to litigate. To

27  perform adequately in this area, ERISA attorneys must keep on top of the law. I have studied

28  extensively, and have researched and digested numerous cases arising in the Ninth Circuit, as

1    well as other federal circuits, involving ERISA benefit disputes.

2          7.    I am a member of the Consumer Attorneys of California, Consumer Attorneys

3    Association of Los Angeles, the American Association for Justice (formerly Association of Trial

4    Lawyers of America), as well as other organizations devoted exclusively to ERISA law.

5          8.    I have co-authored numerous articles concerning disability insurance, including

6    "Successfully Handling ERISA and Non-ERISA Cases," "Defeating the Disability Carrier's Top

7    Ten Defenses," and "How to perfect Your Insurance Claim and What to Do if You Are Denied."

8          9.    In July 2007, I was named a Southern California Super Lawyer Rising Star in

9    Insurance Coverage.

10         10.    For the period January 1, 2006 through May 31, 2008, my rate was $350 per hour.

11    On April 10, 2007, I was awarded fees at my then existing hourly rate of $350 in the case of

12    *Arnett v. Hartford Life and Accident Insurance Co.*, --- F. Supp. 2d ---, 2007 WL 5238172 (C.D.

13    Cal. 2007).

14         11.    In June 2008, I raised my rate to $400 per hour. That is also the rate at which

15    SBDE charges hourly clients for my services. Based on my knowledge of the relevant

16    community of ERISA specialists and my experience in ERISA litigation, I believe my hourly

17    rate is reasonable and within market rates for attorneys at my experience level.

18         12.    I am very familiar with the background, experience, work and reputation of

19    Charles Fleishman in representing claimants in ERISA cases. He has an excellent reputation in

20    the legal community and his work on behalf of ERISA claimants is of the highest caliber. I

21    regularly discuss issues relevant to ERISA litigation with him. A rate of $500 per hour would

22    be, in my opinion, a bargain for the legal services of Mr. Fleishman.

23         I declare under penalty of perjury under the laws of the State of California and the United

24    States of America that the foregoing is true and correct. Executed this 7th day of July, 2008, at

25    Ontario, California.

26

27

28               LISSA A. MARTINEZ

**DECLARATION OF DANIEL M. FEINBERG**

**DECLARATION OF DANIEL M. FEINBERG IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

I, Daniel M. Feinberg, declare:

1.      I am a member in good standing of the Bar of the State of California and a shareholder in the law firm of Lewis, Feinberg, Lee, Renaker & Jackson, P.C. ("LFLRJ"). I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2.      I am a 1988 graduate of Boalt Hall School of Law at the University of California at Berkeley. I was hired by the firm then known as Sigman & Lewis as an associate in 1988 and became a partner in 1993. I have specialized in employee benefits law since joining the firm. I have been active in the National Employment Lawyers Association (NELA) and spoke at NELA's 1992, 1996, 1998, 1999 and 2009 Annual Conferences. I have presented papers at many other legal conferences, including the 1994 - 1997 and 2000 Annual Meetings of the American Bar Association, the 1999, 2001 and 2003 Annual Meetings of the Western Pension and Benefits Conference, the 2005 and 2006 Los Angeles Benefits Conferences, and numerous West Legal Works' ERISA Litigation Conferences from 1995 to the present. I am also a contributing editor on pension law for a legal reference book published by Little, Brown and Company in 1995, and a contributing author to the 2000, 2003, 2006 and 2008 Supplements to the ABA Section of Labor and Employment Law's book entitled Employee Benefits Law. My other publications include ERISA Litigation Reporter, "Abatie v. Alta Health - A Victory for Plaintiffs on the Standard of Review," Vo. 14, No. 5, September-October 2006; The Practical Lawyer, "Independent Contractors, Leased Employees and Other Contingent Workers," Vol. 47, No. 2, March 2001; ERISA Litigation Reporter, "Wetzel v. Lou Ehlers Cadillac Group LTD: Distinctions Without a Difference?", October 2000; ERISA Litigation Reporter, "Varity Corp. v. Howe: The Plaintiff's Perspective", Vol. 5, No. 2, June 1996

1

(co-author with Jeffrey Lewis); Labor Center Reporter, "Varity Corp. v. Howe", Vol. 298, Summer 1996 and "Have You Been Denied Health Benefits Recently?", Vol. 303, Spring 1998 (co-author with Tyler Weaver); Tax Management Compensation Planning Journal, "Claims Against ERISA Plan Service Providers", Vol. 23, No. 8, August 4, 1995 (co-author with Robert Pizzo).

3.      My published cases include *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc) (argued); *Comer v. Salomon Smith Barney*, 437 F.3d 1098 (9th Cir. 2006) (argued); *Lee v. California Butchers' Pension Trust Fund*, 154 F.3d 1075 (9th Cir. 1998) (argued); *Mongeluzo v. Baxter Travenol LTD Plan*, 46 F.3d 938 (9th Cir. 1995) (argued); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995) (on briefs); *Villegas v. The Pep Boys Manny Moe & Jack of Cal.*, 551 F.Supp.2d 982 (C.D. Cal. 2008); *Arrez v. Kelly Services, Inc.*, 522 F. Supp. 2d 997 (N.D. Ill. 2007); *Arora v. Hartford Life and Annuity Ins. Co.*, 519 F.Supp.2d 1021 (N.D. Cal. 2007); *Weis v. Accidental Death & Dismemberment Ben. Plan of Kaiser Foundation*, 442 F. Supp. 2d 850 (N.D. Cal. 2006); *Bell v. Exec. Comm. of the UFCW Pension Plan for Employees*, 191 F.Supp.2d 10 (D.D.C. 2002); and *Levin v. Unum Life Ins. Co.*, 33 F.Supp.2d 1179 (N.D. Cal. 1998). The *Abatie* decision established a new standard of review for employee benefits cases in the Ninth Circuit where the party deciding a benefit claim has a financial conflict of interest. The en banc decision has already been cited more than 100 times since it was issued.

4.      In November 2003, The Recorder newspaper gave me honorable mention in the category of top attorney for ERISA plaintiffs in the San Francisco Bay Area. I have also been named a "Northern California Super Lawyer" for the last five years.

5.      I have served as a private mediator in ERISA-related litigation matters, including a class action in the Middle District of Florida wherein I was appointed

1    Special Master by the Court for settlement purposes. I have also served as an
2    expert witness in ERISA-related litigation.

3    6.    I am serving or have served as lead or co-counsel in numerous ERISA class
4    actions, including cases against Pacific Lumber Company, Lone Star Steel
5    Company, Color Tile, and four related class actions in the District of Oregon
6    arising from the largest pension investment fraud in U.S. history, consolidated as
7    *In Re Consolidated Capital Consultants Litigation*, Civil Case No. 00-1290-KI.
8    The Capital Consultants class actions have resulted in settlements of
9    approximately $13 million. I am also serving or have served as lead or co-counsel
10   in numerous vacation pay class actions, including class actions against Providian,
11   CKE Restaurants, Inc., Adecco, Kelly Services, Inc., Sodexho, Inc., Vicorp
12   Restaurants, Inc., Securitas Security Services USA, Inc., and Gottschalks, Inc.

13   7.    LFLRJ is one of the few law firms in the United States that specializes in
14   representing plaintiffs in employee benefits litigation. Because the Employee
15   Retirement Income Security Act of 1974 (ERISA) provides for federal
16   jurisdiction, ERISA litigation specialists are able to represent clients in the District
17   Courts throughout the United States after being admitted pro hac vice. For
18   example, my firm has represented clients in litigation in the United States District
19   Courts for the District of Connecticut; the Southern District of New York; the
20   Northern, Central and Southern Districts of Illinois; the District of Oregon; the
21   Western District of Pennsylvania; the District of Minnesota; and the Middle
22   District of North Carolina, in addition to many actions in all of the District Courts
23   of California. Therefore, the relevant community for determining the prevailing
24   market rate is the national community of ERISA specialists.

25   8.    My hourly litigation rate since August 2008 has been $650 per hour. Based
26   on my knowledge of the relevant community of ERISA specialists and my
27   experience in ERISA litigation, I believe that my hourly rate is reasonable and
28   within market rate for attorneys at my experience level. In 2008, the Northern

3

District of California awarded attorneys' fees to me at the hourly rate of $575.

*Caplan v. CNA Financial Corp.*, 573 F.Supp.2d 1244, 1249-50 (N.D.Cal. 2008).

In 2007, the Central District of California also awarded attorneys' fees to me at the

hourly rate of $575. *Hawkins-Dean v. Metropolitan Life Ins. Co.*, 2007 WL

2735684, *1 (C.D.Cal. 2007) ("the Court finds the hourly rate of Mr. Feinberg

[$575] . . to be reasonable").

9.    Under my supervision, Cassie Springer-Sullivan prepared for and argued the

Ninth Circuit appeal in this action. Ms. Springer-Sullivan is a 2002 graduate of

Boalt Hall School of Law at the University of California at Berkeley. Ms.

Springer-Sullivan was formerly an associate attorney at LFLRJ from 2002 until

April 2008. LFLRJ's current hourly rate for litigation for an associate attorney

who graduate law school the same year as Ms. Springer-Sullivan is $405 per hour.

10.    Ms. Springer-Sullivan currently serves as a co-chair on the Benefit Claims

and Individual Rights Subcommittee of the American Bar Association's Section of

Labor & Employment Law, and is also a member of the section's Supreme Court

Panel Committee. Ms. Springer-Sullivan is the author of the "Employee Benefit

Plans Governed by ERISA" chapter of Dividing Pensions and Other Employee

Benefits in California Divorces (CEB 2006), and is a co-author of the employee

benefits chapter of California Domestic Partnerships (CEB 2005). Ms.

Springer-Sullivan is a Contributing Author to Sacher, et al., EMPLOYEE

BENEFITS LAW (BNA), Chapter 13, "Benefit Claims and Individual Rights,"

and is also a Rewrite Editor of the 2008 Cumulative Supplement of Employee

Benefits law, 2nd Ed. Ms. Springer-Sullivan is also the author of the article

"Abatie v. Alta Health & Life Insurance: A Turnabout by the En Banc Ninth

Circuit on the Standard of Review Results in a Win for ERISA Plaintiffs," which

was published in the Fall/Winter 2006 TIPPS Employee Benefits Newsletter, and

is a co-author of the Supreme Court Summary of LaRue v. DeWolff, Boberg &

Associates, Inc., published by the ABA's Section of Labor & Employment Law on

March 17, 2008. Ms. Springer-Sullivan is also the author of a commentary on ERISA long-term disability cases involving fibromyalgia, entitled "The Resurrection of 'Female Hysteria' in Present-Day ERISA Disability Law" for the Berkeley Journal of Gender, Law & Justice, a Continuation of The Berkeley Women's Law Journal (Vol. 20, 2005). Ms. Springer-Sullivan is a frequent speaker on ERISA litigation, including "The Standard and Scope of Review: What's Next After MetLife v. Glenn?" at the 2009 Midwinter Meeting of the Section of Labor & Employment Law Employee Benefits Committee, February 19, 2009, sponsored by the ABA; "The New Health and Welfare Plan Landscape" at the 25th Annual Conference on Employee Benefits sponsored by the Western Pension & Benefits Conference, San Francisco Chapter (April 16, 2008); "The Standard and Scope of Review: What's Next for the Supreme Court?," at the 2008 Midwinter Meeting of the Section of Labor & Employment Law Employee Benefits Committee, February 28, 2008, sponsored by the ABA; "Benefit Claims: Administrative Proceedings" and "Benefit Claims: Litigation," at the 21st Annual National Institute on ERISA Basics, May 3, 2007, sponsored by the ABA; "Litigation Update - The Evolving ERISA Legal Landscape," March 21, 2007, sponsored by the Western Pension & Benefits Conference, San Francisco Chapter; "Benefit Claims and Individual Rights Following Abatie," at the 2007 Midwinter Meeting of the Section of Labor & Employment Law Employee Benefits Committee, February 10, 2007, sponsored by the ABA. She has also testified before the California Department of Insurance on July 10, 2007, regarding providing sufficient notification to plan participants of offset provisions, and before the Health and Disability Committee of the National Association of Insurance Commissioners on June 14, 2004, regarding prohibiting discretionary clauses in ERISA disability plans. Ms. Springer-Sullivan's notable decisions include *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 511 F.3d 1206 (9th Cir. 2008); *Carstens*

5

1  *v. U.S. Shoe Corporation's Long-Term Benefits Disability Plan*, 520 F. Supp. 2d
2  1165 (N.D. Cal. 2007); *Fleming v. Kemper Natl. Services, Inc.*, 320 F. Supp. 2d
3  951 (N.D. Cal. 2004); *Cherene v. First American Financial Corp. Long-Term*
4  *Disability Plan*, 303 F. Supp. 2d 1030 (N.D. Cal. 2004).

5  11.   Teresa Renaker also assisted in helping Ms. Springer-Sullivan prepare for
6  the Ninth Circuit hearing. Ms. Renaker is a shareholder at LFLRJ. Ms. Renaker
7  received her J.D. from Boalt Hall School of Law, University of California at
8  Berkeley, in 1996. She served as a member and Senior Executive Editor of the
9  *California Law Review* and published a comment on the application of *Daubert v.*
10 *Merrill Dow Pharmaceuticals* at 84 Cal. L. Rev. 1657 (1996). Ms. Renaker joined
11 the firm as an associate attorney in 1997 and became a shareholder in 2003. Prior
12 to joining the firm, Ms. Renaker served as a law clerk to the Honorable Irma E.
13 Gonzalez of the United States District Court for the Southern District of
14 California. Ms. Renaker serves as the Chair of the Employee Benefits Committee
15 of the ABA's Torts, Trial, and Insurance Practice Section (TIPS), and sits on the
16 ABA's Joint Committee on Employee Benefits. Ms. Renaker has been named a
17 Northern California Super Lawyer in the Employee Benefits ERISA category
18 every year since 2007, as well as one of The Top 50 Women lawyers in Northern
19 California, in 2008 and 2009. Ms. Renaker is a frequent speaker on ERISA issues,
20 including preemption, class actions, and subrogation issues. She has spoken at the
21 American Bar Association's ERISA Basics and ERISA Litigation conferences, at
22 the midwinter meeting of the Employee Benefits Committee of the ABA's Labor
23 and Employment Section, the ABA Annual Meeting, the Glasser LegalWorks
24 ERISA Litigation conference, and the San Francisco Trial Lawyers Association
25 Lien Seminar. Ms. Renaker authored the "Employee Benefits" chapter of
26 California Domestic Partnerships (CEB 2005) and the "Employee Welfare and
27 Other Nonpension Benefits" chapter of Dividing Pensions and Other Employee
28 Benefits in California Divorces (CEB 2006). Ms. Renaker's significant cases

include *Paulsen v. CNF Inc.,* 559 F.3d 1061 (9th Cir. 2009); *Vaughn v. Bay Environmental Management, Inc.,* 567 F.3d 1021 (9th Cir. 2009); *Gerlib v. R. R. Donnelley & Sons Co.,* 2002 WL 1285795, 28 EBC 2383 (N.D. Ill., June 11, 2002), and 2001 WL 1313794, 27 EBC 1168 (N.D. Ill., Oct. 26, 2001); *Jefferson v. R. R. Donnelley & Sons Co.,* 2001 WL 699123, 26 EBC 2207 (N.D. Ill., June 20, 2001); *McMunn v. Pirelli Tire, LLC,* 161 F. Supp. 2d 97 (D. Conn. 2001); *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691 (9th Cir. 2001); and *Winkel v. Kennecott Holdings Corp.,* 48 F. Supp. 2d 1294 (D. Utah 1999).  Ms. Renaker's current hourly rate for litigation is $600.

12.    Attached as Exhibits A and B hereto are my firm's records of fees and costs in this action since July 2007.  Exhibit A is a summary.  Exhibit B lists my firm's contemporaneous time records in this action during the same time period, together with my firm's accounting of litigation costs and expenses.  Each of the attorneys and law clerks in our firm records time by means of a computer program, which runs a clock while a matter is being worked on.  For time spent out of the office, the attorney or clerk records the time manually and then enters the time upon his or her return to the office.  These records are all stored on our firm's computer server.  Thus, at any point, a historical record of contemporaneous time can be printed out.  In order to edit out time for which we are not seeking fees (see below), the records were "exported" from the time and billing program to an Excel spreadsheet.

13.    As stated in Exhibits A and B, LFLRJ has devoted 105.60 hour in attorney and law clerk time to this case.  Most of this time was for preparation for the successful Ninth Circuit argument.  At our current litigation rates, the attorneys' fees lodestar is $44,861.25.  In addition, LFLRJ incurred $2,728.98 in litigation costs and expenses, mostly related to travel costs for the Ninth Circuit argument in Pasadena.

///

7

1    I declare under penalty of perjury under the laws of the State of California

2    and the United States that the foregoing is true and correct, and that this

3    declaration was executed on September 18, 2009, at Oakland, California.

4

5    _____

    Daniel Feinberg

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT A

**LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.**
Saffon
**Fees & Costs Summary through 9/16/09**

2009 Litigation Rates -- 3 minute increments

| First Name | Last Name | Position | Actual Time | Rate | Actual Value |
|---|---|---|---|---|---|
| Daniel | Feinberg | Shareholder & Attorney | 7.35 | $650.00 | $4,777.50 |
| Teresa | Renaker | Shareholder & Attorney | 4.00 | $600.00 | $2,400.00 |
| Cassie | Springer-Sullivan | Associate Attorney | 91.75 | $405.00 | $37,158.75 |
| Hillary | Baker | Law Clerk | 2.50 | $210.00 | $525.00 |
| | | | 105.60 | | $44,861.25 |
| | | | | Costs | $2,728.98 |
| | | | | Fees & Costs | $47,590.23 |

# EXHIBIT B

**LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.**
**Saffon Fees through 9/16/09**

| Date | Atty/ Staff | Description | Time | Current Rate | Value |
|------|-------|-------------|------|------|-------|
| 07/31/07 | CS | Analyze legal issues re 9th Circuit's order. begin to review briefs | 2.60 | $405.00 | $1,053.00 |
| 07/31/07 | DF | Further Telephone call from attorney C Fleishman and Intra-Office Conference w/ C. Springer-Sullivan re: 9th Cir. appeal in Saffon | 0.45 | $650.00 | $292.50 |
| 07/31/07 | DF | Telephone calls to C. Springer-Sullivan re: Saffon appeal strategy | 0.15 | $650.00 | $97.50 |
| 08/01/07 | CS | Analyze legal issues in preparation for Ninth Circuit case, including reviewing briefs and cases | 5.65 | $405.00 | $2,288.25 |
| 08/01/07 | CS | Arrangements for going to L.A. for week | 0.40 | $405.00 | $162.00 |
| 08/01/07 | CS | Review briefs | 3.50 | $405.00 | $1,417.50 |
| 08/01/07 | DF | Emails from C Fleishman w/ Saffon briefs | 0.05 | $650.00 | $32.50 |
| 08/01/07 | DF | Emails re: Saffon Moot court | 0.15 | $650.00 | $97.50 |
| 08/02/07 | CS | Analyze legal issues re CDI's position in litigation | 0.20 | $405.00 | $81.00 |
| 08/02/07 | CS | Prepare for oral argument by reviewing briefs and cases | 4.45 | $405.00 | $1,802.25 |
| 08/02/07 | CS | Prepare judicial notice of CDI amicus and Judge Warren's decision | 3.20 | $405.00 | $1,296.00 |
| 08/02/07 | DF | Emails re: Saffon request for judicial notice and strategy for appellate argument | 0.20 | $650.00 | $130.00 |
| 08/03/07 | CS | Prepare opening statement for oral argument | 3.05 | $405.00 | $1,235.25 |
| 08/03/07 | CS | Review briefs in other cases re CDI issue in preparation for oral argument | 0.85 | $405.00 | $344.25 |
| 08/03/07 | DF | Emails and Telephone call from C. Springer-Sullivan re: strategy for Saffon 9th Cir. argument | 0.20 | $650.00 | $130.00 |
| 08/03/07 | HB | Cite Checking | 0.30 | $210.00 | $63.00 |
| 08/03/07 | HB | Research 9th Circuit judges' opinions as related to SAFFON for C. Springer-Sullivan | 2.20 | $210.00 | $462.00 |
| 08/04/07 | CS | Prepare for oral argument; Review amicus briefs in other cases dealing with CDI issue | 1.70 | $405.00 | $688.50 |
| 08/06/07 | CS | Prepare for oral argument.  Review cases re CDI issue. | 3.60 | $405.00 | $1,458.00 |
| 08/06/07 | DF | Review C. Springer-Sullivan proposed opening for Saffon oral argument and email feedback | 0.10 | $650.00 | $65.00 |
| 08/07/07 | CS | Meeting with C. Fleishman and A. Kassan to prepare for oral argument | 2.50 | $405.00 | $1,012.50 |
| 08/07/07 | CS | Meeting with C. Fleishman to discuss facts of case | 1.50 | $405.00 | $607.50 |
| 08/07/07 | CS | Prepare for argument by reviewing all cases on CDI issue and analyzing facts of this case | 4.35 | $405.00 | $1,761.75 |
| 08/07/07 | CS | Prepare for oral argument by reading and summarizing relevant cases | 3.45 | $405.00 | $1,397.25 |
| 08/07/07 | CS | travel to L.A. for 9th Circuit argument and prepare for same | 3.85 | $405.00 | $1,559.25 |
| 08/07/07 | DF | Emails w/ C. Springer-Sullivan re: strategy for oral argument | 0.20 | $650.00 | $130.00 |
| 08/07/07 | DF | Further emails w/ C. Springer-Sullivan re: oral argument strategy. | 0.15 | $650.00 | $97.50 |
| 08/08/07 | CS | Analyze Defendant's judicial notice request; prepare objection and calls to CDI re letter in support of its position re discretionary clauses | 4.95 | $405.00 | $2,004.75 |
| 08/08/07 | CS | Meeting with B. Lishner to discuss oral argument in case | 1.85 | $405.00 | $749.25 |

**LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.**
**Saffon Fees through 9/16/09**

| Date | Atty/ Staff | Description | Time | Current Rate | Value |
|------|-------------|-------------|------|--------------|-------|
| 08/08/07 | CS | Prepare for argument -- Review ER (1 volume)  and SAR (4 volumes) | 4.25 | $405.00 | $1,721.25 |
| 08/08/07 | CS | Prepare for oral argument by reading and summarizing relevant cases | 1.85 | $405.00 | $749.25 |
| 08/08/07 | CS | Prepare opening statement and summarize relevant documents from ER in preparation for argument | 3.00 | $405.00 | $1,215.00 |
| 08/08/07 | DF | Emails re: objection to MetLife request for judicial notice | 0.20 | $650.00 | $130.00 |
| 08/08/07 | DF | Emails re: objection to request for judicial notice; Review objection | 0.50 | $650.00 | $325.00 |
| 08/08/07 | DF | Emails w/ C. Springer-Sullivan re: D's request for judicial notice | 0.20 | $650.00 | $130.00 |
| 08/08/07 | DF | Review 9th Cir. briefs and trial brief | 0.85 | $650.00 | $552.50 |
| 08/08/07 | DF | Review Defendant's request for judicial notice and email re: same | 0.15 | $650.00 | $97.50 |
| 08/09/07 | CS | practice opening statement for oral argument | 1.00 | $405.00 | $405.00 |
| 08/09/07 | CS | Prepare for and attend moot court.  Analyze legal issues re same | 4.85 | $405.00 | $1,964.25 |
| 08/09/07 | CS | Prepare for opening by refining opening statement in light of moot court and re-reading certain cases | 3.00 | $405.00 | $1,215.00 |
| 08/09/07 | CS | Prepare opening statement and questions for moot court.  Complete review of ER | 1.50 | $405.00 | $607.50 |
| 08/09/07 | CS | Telephone call to D. Hilla at CDI re discretionary clauses | 0.10 | $405.00 | $40.50 |
| 08/09/07 | DF | Emails w/ C. Springer-Sullivan and T. Renaker re: oral argument strategy | 0.20 | $650.00 | $130.00 |
| 08/09/07 | DF | Saffon Moot Court | 1.40 | $650.00 | $910.00 |
| 08/09/07 | TR | Prepare for and participate in moot court; email to C. Springer-Sullivan re same | 3.50 | $600.00 | $2,100.00 |
| 08/10/07 | CS | Analyze legal issues with attorneys following argument | 2.25 | $405.00 | $911.25 |
| 08/10/07 | CS | appear at oral argument | 2.00 | $405.00 | $810.00 |
| 08/10/07 | CS | final preparation for oral argument | 0.45 | $405.00 | $182.25 |
| 08/10/07 | CS | Prepare for oral argument while at courthouse | 1.50 | $405.00 | $607.50 |
| 08/10/07 | CS | travel to courthouse | 0.60 | $405.00 | $243.00 |
| 08/10/07 | CS | travel to Oakland | 4.55 | $405.00 | $1,842.75 |
| 08/10/07 | DF | Telephone call from C. Springer-Sullivan w/ report on oral argument | 0.10 | $650.00 | $65.00 |
| 08/10/07 | TR | Telephone conference with C. Springer-Sullivan re argument and read emails re same | 0.50 | $600.00 | $300.00 |
| 08/13/07 | CS | Analyze legal issues re Saffon argument | 0.40 | $405.00 | $162.00 |
| 08/13/07 | CS | call from A. Gates at CDI re Saffon argument | 0.75 | $405.00 | $303.75 |
| 08/13/07 | CS | Legal Research on deference to a state agency | 4.25 | $405.00 | $1,721.25 |
| 08/14/07 | CS | Analyze legal issues re Saffon deference | 0.35 | $405.00 | $141.75 |
| 08/22/07 | DF | Listen to audio file of hearing and analyze potential 28(j) letter | 0.70 | $650.00 | $455.00 |
| 08/27/07 | DF | Intra-Office Conference w/ C. Springer-Sullivan re: possible 28(j) letter | 0.05 | $650.00 | $32.50 |
| 09/19/07 | CS | analyze oral argument in light of 28(j) concerns | 0.30 | $405.00 | $121.50 |
| 09/19/07 | CS | compose email to C. Fleishman re 28(j) possibility | 0.30 | $405.00 | $121.50 |
| 01/09/08 | CS | Review and analysis of opinion | 1.35 | $405.00 | $546.75 |
| 01/10/08 | CS | discussions re opinion | 0.35 | $405.00 | $141.75 |

**LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.**   3 of 3
**Saffon Fees through 9/16/09**

| Date | Atty/ Staff | Description | Time | Current Rate | Value |
|---|---|---|---|---|---|
| 01/10/08 | DF | Review and analyze 9th Cir. decision; emails re: case strategy on remand | 0.65 | $650.00 | $422.50 |
| 01/15/08 | DF | Emails re: substitution of defense counsel | 0.10 | $650.00 | $65.00 |
| 01/23/08 | CS | draft opposition to motion for extension | 0.70 | $405.00 | $283.50 |
| 01/25/08 | CS | Legal Research re certiorari | 0.15 | $405.00 | $60.75 |
| 03/11/08 | CS | calls and Legal Research re en banc review steps | 0.20 | $405.00 | $81.00 |
| 03/11/08 | CS | Telephone call to C. Fleishman re brief | 0.10 | $405.00 | $40.50 |
| 09/22/08 | DF | Emails w/ C Fleishman re: case status | 0.10 | $650.00 | $65.00 |
| 11/12/08 | DF | Emails re: potential FCE providers in L.A. | 0.15 | $650.00 | $97.50 |
| 11/12/08 | DF | Emails w/ C Fleishman re: case status and possible FCE | 0.15 | $650.00 | $97.50 |
| 11/13/08 | DF | Telephone call from attorney C Fleishman re: FCE issue | 0.10 | $650.00 | $65.00 |
| 11/13/08 | DF | Telephone call from Yankowski re: potential expert opinion and email to C Fleishman re: same | 0.10 | $650.00 | $65.00 |
| | | | 105.60 | | $44,861.25 |

LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.          1 of 1
Saffon Costs Detail through 9/16/09

| Date | Category | Description | Value |
|------|----------|-------------|-------|
| 08/01/07 | Travel Expense | C. Elder BART fare to/from 9th Circuit Court of Appeals | $5.50 |
| 08/02/07 | Travel Expense | C. Elder BART fare to/from 9th Circuit Court of Appeals | $5.50 |
| 08/02/07 | Overnight Deliv | United Parcel Service shipment to C. Fleishman | $17.67 |
| 08/02/07 | Overnight Deliv | Shipment to McDonugh | $30.26 |
| 08/03/07 | Overnight Deliv | Shipment to C. Springer-Sullivan | $71.64 |
| 08/03/07 | Air Fare | C. Springer-Sullivan Air fare | $258.80 |
| 08/06/07 | Travel Expense | C. Springer-Sullivan travel expense | $150.00 |
| 08/07/07 | Travel Expense | Mileage to airport re hearing in L.A. | $7.79 |
| 08/07/07 | Travel Expense | Cab fare from airport re hearing in L.A. | $50.00 |
| 08/08/07 | Overnight Deliv | Shipment to Clerk of the Court | $30.39 |
| 08/08/07 | Overnight Deliv | Shipment to E. McDonough | $38.92 |
| 08/10/07 | Travel Expense | Mileage from airport re hearing in L.A. | $7.79 |
| 08/10/07 | Travel Expense | Airline fee for overweight luggage re hearing in L.A. | $25.00 |
| 08/10/07 | Travel Expense | Airport parking re hearing in L.A. | $44.00 |
| 08/31/07 | Postage | Postage for August 2007 | $1.81 |
| 08/31/07 | Photocopy | August 2007 Photocopies | $516.00 |
| 08/31/07 | Research Chgs | Monthly Westlaw excluded charges (by J. Dolkas and C. Elder) | $1,403.59 |
| 10/31/07 | Photocopy | October 2007 Photocopies | $0.40 |
| 01/23/08 | Overnight Deliv | Shipment to Clerk of the Court | $19.22 |
| 01/30/08 | Court Fees | C. Springer-Sullivan Certif. of good standing from CA Supreme Court | $1.00 |
| 01/30/08 | Overnight Deliv | United Parcel Service to Office of the Clerk | $14.50 |
| 01/31/08 | Postage | January 2008 Postage | $2.15 |
| 01/31/08 | Photocopy | January 2008 Photocopies | $10.20 |
| 02/02/08 | Overnight Deliv | United Parcel Service adjustment | $16.85 |
| | | | $2,728.98 |